### SWITZER & HARRISON vs. CARSON & HAYS.

The affidavit on which an attachment issued, alleging "that the defendants were about to remove their property out of the State so as to hinder and delay creditors," upon a plea in abatement to the affidavit, evidence of the indebtedness of defendant to plaintiff or others is immaterial.

### APPEAL from Chariton Circuit Court.

CLARK, for Appellants.

The appellants rely upon the following points and authorities to reverse the judgment of the circuit court:

1. This being a suit by attachment, and the truth of the affidavit being the true issue submitted for trial, it was right and proper that the plaintiffs should have been allowed to give the jury any evidence tending to show an intent to remove their property for the purposes, and in the manner sworn to in the affidavit.

It would be very difficult to show that a defendant was about to remove his property to hinder and delay his creditors, unless the plaintiff who makes the allegation, was allowed to show that the defendant, at the time of making the charge in the affidavit, had creditors. Foster vs. Wallace, 2 Mo. Rep. 187, and the authorities cited in that case.

2. That the words "hinder and delay," in the statute mean a fraudulent hindrance and delay, and therefore upon the trial of such an issue as was submitted in this case, any evidence tending to show a fraudulent intent at the time the affidavit was made, was proper, and ought to have been allowed by the court. 1 Story's Equity, 363-4.

STRINGFELLOW, for Appellees.

The defendants rely upon the following points to sustain the judgment of the circuit court:

Blakey vs. Saunders.

1. In this case it was not material to enquire into the amount of defendant's indebtedness. The issue was as to the intent of defendants in the removal of their property.

2. The indebtedness was admitted, and evidence was only admissible to show fraud in connection with indebtedness.

3. Indebtedness is no evidence of fraud.

Scott, J., delivered the opinion of the court.

The appellants sued the appellees by attachment in assumpsit. The ground of the attachment was, that the appellees were about to remove their property out of the State, so as to hinder and delay their creditors. The truth of the fact in the affidavit, on which the attachment was founded, was put in issue by the appellees, by a plea in the nature of a plea in abatement.

On the trial it appeared that the appellees were tobacconists, engaged largely in buying, manufacturing and selling tobacco; and that at the time of levying the attachment, they were about to make a large shipment for sale. The appellants offered evidence to show that the appellees were largely indebted to others than themselves, which was objected to, and excluded by the court. There was evidence in the cause, of the indebtedness of the appellees to others than the appellants.

A verdict was found for the appellees.

The only question raised in the argument of the cause is the propriety of the action of the court in excluding the evidence of the indebtedness of the appellees, offered on the trial. The issue did not involve the question of the indebtedness of the appellees to the appellants; for the purpose of that trial their indebtedness to them was admitted; and evidence of indebtedness to others could not have been material. Indeed, if it was necessary, there appears from the record to have been enough of it before the jury.

The other Judges concurring, the judgment will be affirmed.